IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAMO K. KHALAF, | ) | |
| | ) | |
| Petitioner, | ) | 8:15CV445 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondent argues that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Respondent also argues that Petitioner's claims have been procedurally defaulted. The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

In September of 2011, Petitioner was charged in the District Court of Lancaster County Nebraska "with six felony counts following two incidents in which the State alleged he threatened his estranged wife's uncle with a firearm in a park and then, while out on bond, shot his wife's brother." (Filing No. 11-3 at CM/ECF p. 1.) Petitioner pled no contest to terroristic threats, first degree assault, and use of a firearm to commit a felony. (Filing No. 11-14 at CM/ECF pp. 16-17, 30-31.) Petitioner was sentenced to consecutive prison terms of 20 months to 5 years for terroristic threats, 10 to 15 years for first degree assault, and 10 to 15 years for use of a firearm to commit a felony. (Filing No. 11-11 at CM/ECF pp. 24-27.)

Petitioner, with new counsel, filed a direct appeal to the Nebraska Court of Appeals, alleging that his sentence was excessive, that consecutive sentencing was in

error, and that trial counsel was ineffective for failing to (1) conduct depositions, (2) advise Petitioner to proceed to trial, and (3) obtain reduced sentences. (Filing No. 11-4 at CM/ECF pp. 6, 17.) The Nebraska Court of Appeals summarily affirmed Petitioner's convictions and sentences on February 8, 2013, finding that his claims regarding sentencing were without merit and that the record on direct appeal was insufficient to review his claims of ineffective assistance of counsel. (Filing No. 11-1 at CM/ECF p. 2.) The Nebraska Supreme Court denied Petitioner's request for further review on April 10, 2013. (*Id*. at CM/ECF p. 3.)

On April 8, 2014, Petitioner filed a motion for postconviction relief in state district court, which was denied. (Filing No. 11-12 at CM/ECF pp. 28-43, 81-83.) Petitioner argued that (1) trial counsel was ineffective for failing to (a) properly interview/depose witnesses to support an alibi defense and (b) move to sever Counts I through Counts III from Counts IV through VI of the information, and (2) appellate counsel was ineffective in failing to assign and argue the two instances of trial counsel's ineffectiveness.

The Nebraska Court of Appeals affirmed the state court's denial of the postconviction motion on May 8, 2015. (Filing No. 11-3.) The Court of Appeals found that (1) Petitioner's claim that trial counsel was ineffective for failing to file a motion to sever was procedurally barred because it was not raised on direct appeal and (2) the remaining claim of ineffective assistance of trial counsel and both claims of ineffective assistance of appellate counsel were without merit.

Petitioner filed a request for further review, asserting that trial counsel was ineffective by failing to properly interview/depose witnesses to support an alibi defense. (Filing No. 11-10.) The request for further review was denied by the Nebraska Supreme Court on July 22, 2015. (Filing No. 11-2 at CM/ECF p. 2.) The mandate issued on August 12, 2015. (*Id*.)

Petitioner filed his habeas petition on December 14, 2015. (Filing No. 1.) On initial review, the court found that Petitioner's habeas petition asserted:

(1) He was deprived the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution because his trial attorney (1) failed to properly conduct pretrial investigation, (2) failed to fully prepare for trial, (3) misrepresented/misadvised him as to the law and potentially viable defenses, and (4) failed to file a motion to sever counts.

(2) He was denied the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments because appellate counsel failed to argue that (1) trial counsel was ineffective by failing to locate and interview witnesses and (2) trial counsel was ineffective by failing to move to sever counts.

(Filing No. 8.)

## II. ANALYSIS

**1. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). Here, it does not appear that Petitioner disputes that he filed his petition for federal habeas relief more than one year from any of these four dates. Instead, Petitioner maintains that the limitations period is subject to equitable tolling and that he is excused from the procedural bar of the statute of limitations by the miscarriage of justice exception.

It is clear that Petitioner's claims are time-barred. Petitioner's convictions and sentences were affirmed by the Nebraska Court of Appeals on February 8, 2013, and

his petition for further review was denied on April 10, 2013. Thus, the judgment became final, and the statute of limitations began to run, on July 9, 2013. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for writ of certiorari with the United States Supreme Court).

On April 8, 2014, Petitioner filed a motion for postconviction relief, which tolled the limitations period. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("The statute of limitations is tolled while state post-conviction or other collateral review is pending"). However, by the time the motion for postconviction relief was filed, a total of 273 days of the limitations period had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). The statute of limitations remained tolled until the postconviction proceedings concluded on August 13, 2015. Another 123 days of the one-year period expired between the conclusion of the postconviction proceedings and the filing of the habeas petition. Thus, in total, 396 days count toward the one-year limitation period. Therefore, Petitioner's habeas petition is untimely.

### A. Equitable Tolling

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

Even assuming Petitioner could establish that some extraordinary circumstance made it impossible for him to file his petition on time, Petitioner has not shown that he pursued his rights diligently. Petitioner waited 273 days from the date his appeal

4

became final to file his postconviction motion. Then, he waited an additional 123 days from the conclusion of the postconviction proceeding to file his habeas petition. Petitioner has not offered any reasonable explanation for these delays.

### B. Miscarriage of Justice

Petitioner has likewise failed to show that he is entitled to the protections of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27.

Petitioner has not presented the court with new, reliable evidence or any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception.

### 2. Procedural Default

Even assuming the habeas petition was not untimely, Petitioner's claims that (1) trial counsel was ineffective by failing to file a motion to sever and (2) appellate counsel was ineffective by not arguing that trial counsel was ineffective by failing to locate and interview witnesses and move to sever have been procedurally defaulted.

As set forth in 28 U.S.C. § 2254:

>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>>(A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B) (i) there is an absence of available State corrective process; or
>>
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See* Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising

a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (citation and quotation omitted).

Petitioner's claim that trial counsel was ineffective by failing to move to sever was raised in Petitioner's postconviction motion and in his state postconviction appeal. However, the Nebraska Court of Appeals did not reach the merits of this claim because Petitioner did not raise the claim on direct appeal. (Filing No. 11-3 at CM/ECF p. 4.) This decision was based on a Nebraska procedural rule. *See State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571, 576 (2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred"). Therefore, this claim has been procedurally defaulted. *See Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009) ("Federal courts generally will not review claims that a state court has refused to consider because of the petitioner's failure to satisfy a state procedural requirement").

Petitioner's claims of ineffective assistance of appellate counsel are likewise procedurally defaulted. Although these claims were raised in Petitioner's postconviction motion and postconvction appeal, they were not raised in his petition for further review. (Filing No. 11-10.) Therefore, Petitioner has not invoked one complete round of Nebraska's appellate review process. These claims are now procedurally defaulted, not unexhausted, because the Nebraska courts would not entertain a successive postconviction motion based on these claims since they were previously available to Petitioner and untimely. *State v. Sims*, 277 Neb. 192, 198, 761 N.W.2d 527, 533 (2009) ("[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion").

**3. Merits**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The merits of Petitioner's claim that trial counsel was ineffective by failing to properly interview/depose witnesses to support an alibi defense was addressed by the Nebraska Court of Appeals. (Filing No. 11-3 at CM/ECF pp. 4-12.) Upon review, this court finds that Petitioner cannot establish that the Court of Appeals' decision was

8

contrary to, or involved an unreasonable application of, clearly established federal law.

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1.  Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2.  The court will enter a separate judgment in accordance with this order.

DATED this 15th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge